UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlton J. Slade, Jr., | ) C/A No. 8:06-747-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| State of SC; | ) |
| County of Anderson; | ) |
| Judge Tommy B. Edwards; | ) |
| MJ Goodwin, LLC; ;and | ) |
| Debbie Y. Slade, | ) |
| Defendants. | ) |

The plaintiff, Carlton J. Slade, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915, without prepayment of the filing fee. Plaintiff claims constitutional violations by the defendants in relation to a state family court proceeding. Plaintiff seeks monetary damages, as well as injunctive relief. The complaint names two defendants, the State and Judge Edwards, that have immunity from suit under § 1983, and fails to state a claim against any of the named defendants. The complaint is frivolous and should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

The complaint provides in the statement of claims, verbatim, "I was summoned to court by M. J. Goodwin, LLC on behalf of Debbie Y. Slade allegations. In court, a defense was not provided nor did I have the LIBERTY to defend myself by Tommy B. Edwards, Family Court Judge, County of Anderson." Complaint at 3. The complaint then requests in the relief section, verbatim:

> Award me (Carlton J. Slade) monetarily for the mental anguish, pain and suffering from actions of the Courts. Appeal the actions of the Court to a Higher Court. Change the laws and rules of the Judical [sic] System. Stop the Congress of violating the Constitution. Stop the violation of civil liberty and rights. Cease all actions of the Courts against me. Justice and Liberty.

Complaint at 5. The complaint makes no further factual allegations.

## Discussion

As an initial matter, the complaint names two defendants that are immune from suit under § 1983. Immunity presents a threshold question. *See* Harlow v. Fitzgerald, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); *see also* Siegert v. Gilley, 500 U.S. 226 (1991).

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

> United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Plaintiff cannot sue the State of South Carolina in this Court for monetary damages[2], and the Defendant State should be dismissed as a party in this case.

Similarly, the Defendant Judge Edwards has absolute judicial immunity from suit. Judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The complaint provides almost no factual allegations, however, it does say "in court," so the inference is that any actions taken by Defendant Judge Edwards were judicial actions taken within his capacity as a judge. The Defendant Judge Edwards

---

[2] The complaint's request for injunctive relief in the form of "appeal" of the state court decision, if intended as an "appeal" to this Court, is barred. This Court cannot exercise appellate jurisdiction over a state court decision under the Rooker-Feldman doctrine:

> The Rooker-Feldman doctrine mandates that lower federal courts "generally do not have jurisdiction to review such decisions; rather, jurisdiction to review state-court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

Allstate Ins. Co. v. West Virginia State Bar, 233 F.3d 813, 816 (4th Cir. 2000).

should be dismissed as a party in this case.

As noted, the complaint provides almost no factual allegations against any of the defendants named in the parties section of the complaint. While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter, Plaintiff is required to allege facts in his complaint that support a claim for relief against each named defendant. *See* Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003). To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Being summoned to a court is not a violation of constitutional rights. Likewise, the failure to provide a "defense" in a state family court proceeding is not a constitutional violation. Not only does the complaint fail to state the violation of a federal right, it fails to state the individual defendants acted under color of state law. Further, the plaintiff's inclusion of names as defendants, without any factual allegations against the named individuals or entities, does not state a claim against those defendants. *See* White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (plaintiff's dismissed complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint is frivolous and fails to state a claim on which relief may be granted, therefore the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See*

5

United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). . **The plaintiff's attention is directed to the important notice on the next page**.

                                  Respectfully Submitted,

                                  S/Bruce H. Hendricks
                                  United States Magistrate Judge

March 20, 2006
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**